ROGERS, Justice
 

 (concurring).
 

 I fully concur in the majority opinion and in the decree affirming the judgment appealed from, but I feel impelled by the minority opinion to make the following observations.
 

 I respectfully submit that if there is any pretermission of the point at issue in this case it occurs in the discussion contained in the minority opinion and not in the discussion contained in the majority opinion.
 

 Plaintiffs’ petition attacking the will of Miss Tallieu is exceedingly short. It consists of four articles and the prayer. Article 2 contains the gravamen of plaintiffs’ complaint, and article 3 contains an alternative demand for the appointment of a dative testamentary executor, in the event the will should be held valid. Article 2 of the petition reads in part as follows, viz.:
 

 “Petitioners aver that the said document is not a will and was not intended to be the last will and testament of the deceased, Mary Ann Tallieu, as will be shown by the fact that she has defaced the same on each page in such a way as to show clearly that she did not intend the said document to be the last will and testament, etc.”
 

 The argument in the minority opinion rests wholly upon the assumption that the controlling portion of the quoted article is contained in its opening statement, namely, “that the said document is not a will, and was not intended to be the last will and testament of the deceased, Mary Ann Tallieu.” But that statement is merely a general allegation setting forth the conclusion of the pleaders. Standing by itself, it is entirely too vague and indefinite to support the petition. The specific ground of plaintiffs’ attack on the document under review is contained in that portion of the quoted article, which is referred to in the minority opinion as an “amplification” of the pleaders’ conclusion, reading as follows, viz.: “As will be shown by the fact that she (Miss Tallieu) has defaced the same (the will) in such a way as to show clearly that she did
 
 not
 
 intend the said document to be the (her) last will and testament.” That is the allegation which sets forth plaintiffs’ .cause of action, and on the sufficiency of which their suit must stand or fall.
 

 
 *280
 
 Doubt frequently arises whether a particular instrument operates as a will or as an instrument of a different type, in such cases, parol evidence is admissible to show the intention of the maker of the instrument. But where an instrument speaks for itself and by its terms is a testamentary disposition and incapable of operating in any other way, the animus testandi must be implied, and parol evidence is not admissible to show any different intent.
 

 The document propounded as the last will and testament of Mary Ann Tallieu was entirely written, dated, and signed by her. It was written as a will, and seems to have been intended as such. It was executed in the prescribed form, and was found carefully put away' among the effects of the testatrix after her death. •
 

 The document begins with the solemn declaration: “I Mary Ann Tallieu make this my last will and'testament.” This declaration is followed by the statement that the testatrix has never married, and has no forced heirs. Then follows a number of bequests, through some of which light pencil marks are drawn and others of which are left intact. The document ends with the signature of the testatrix and the date on which it apparently was written.
 

 One of the rules for the construction of wills, as I understand, is, that when a testator has executed a will in solemn form, it must be assumed that he did not intend to make it a solemn farce; that he did not intend - to die intestate when he has gone through the form of making a will.
 

 I find nothing in the document propounded as Miss Tallieu’s will, which must be construed as a whole, that would authorize the court to impute to the testatrix the intention of dying intestate rather than testate. On the contrary, the document is testamentary both in form and in substance. The writer’s testamentary intention is not destroyed by the light pencil marks drawn through certain of the testamentary dispositions. And it is immaterial that the will is contained, in a writing tablet, since in the making of wills any material capable of receiving and retaining a legible and reasonably permanent impression may be used. It is also immaterial that the will was written on separate pages of the tablet, since the pages are so intimately connected that they may be identified as parts of the same instrument.’ The fact that the will'is the only writing appearing in the' tablet strengthens, rather than weakens, the view that Miss Tallieu intended the writing to be her last will and testament. This view is further reinforced by the fact that the testatrix carefully preserved the tablet, which was found among her effects after her death.
 

 The suggestion that the writing was merely a memorandum prepared by Miss Tallieu with a view of making her will does not appeal to me as reasonable. If the writing was to serve merely as a memorandum for a will, there is no reason why the testatrix should have formally dated and signed it, thereby completing the will. A will wholly written, dated, and signed by the testator is a complete will. And Miss Tallieu apparently made no other will, notwithstanding that a period of more than
 
 *282
 
 seven years elapsed between the date on which she executed the document herein propounded as her will and the date of her death. ,